CITY COUNCIL OF CHARLESTON v. PEOPLE'S NATIONAL BANK.

In action by a city council to recover city stock transferred under a forged assignment, and the defence being the statute of limitations, the judge charged the jury that the statute did not commence to run until dis-

covery by the city of the invalidity of the assignments, or knowledge of facts sufficient to excite inquiry.  Being then asked by a juror, "Do we understand you to say that the filing of the case of A was sufficient notice to the city, and that the statute of limitations, therefore, runs from that date?"  The judge replied: "If the evidence satisfies you that the case of A was sufficient notice to the council to put them on the inquiry as to whether that was a forged paper or a genuine one, then it was a sufficient notice to fix the time at which the statute of limitations should commence to run."  *Held*, that this response, interpreted in the light of the main charge, was not erroneous.

Before KERSHAW, J., Charleston, March, 1884.

Upon the point considered and determined by this court, the opinion sufficiently states the case.

*Messrs. G. D. Bryan* and *A. G. Magrath*, for appellant.

*Messrs. Simonton & Barker*, contra.

September 17, 1885.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.  The action below was brought by the plaintiffs, appellants, under the following state of facts : Joseph Whaley, late of Charleston, previous to the 13th and 19th of February, 1872, had standing in his name on the books of the treasurer of the city of Charleston certain six per cent. certificates, stock of said city.   On said days these certificates were transferred to H. G. Loper, cashier of the defendant, and for the use of the defendant, by virtue of an alleged assignment from the said Joseph Whaley, which both plaintiff and defendant believed to be genuine and valid.   Subsequent to said transfer, to wit, on April 23 and in May, 1872, two of these certificates were purchased in the market for the use of the city.

In the month of June, 1874, certain creditors (Fraser & Dill) of Joseph Whaley, then deceased, upon an examination of the certificates which had stood in the name of the said Joseph Whaley on the books of the city treasurer, came to the conclusion that they had been improperly transferred, and in July, 1874, they instituted action against the city for the restoration of said stock

to the estate of the said Whaley. In the progress of this action,
which continued until April 17, 1879, it was developed that the
signature of Joseph Whaley to the assignment under which the
transfers of the stock had been made, was a forgery, and a decree
was rendered against the city. In July, 1879, the city settled
this decree; and on October 10, 1881, the action below was com-
menced, in which the plaintiff seeks to make the defendant bank
liable for the certificates which the city has been compelled to
make good to the estate of Whaley. Several defences were inter-
posed; the most important, however, and the one upon which the
case turned below, was the statute of limitations. The jury
found for the defendant under the statute. The plaintiff has
appealed.

In the appeal the dates of the different stages of the transac-
tion may become important. They are as follows: The stock
was transferred to the defendant on February 13 and 19, 1872,
over nine years before the action below. The certificates received
by the defendant were purchased by the city some time in May,
1872, some nine years before the action below. An examination
was made of the original certificates by an attorney of Fraser &
Dill in the presence of the city treasurer in June, 1874, as to
the regularity and validity of the transfer, seven years before
the action below. Fraser & Dill commenced action against the
city in July, 1874, alleging that said stock still belonged to the
estate of Whaley over seven years before the action below. A
decree was obtained against the city in this action in April, 1879,
on the ground of forgery in the assignments, and the city settled
this decree in July, 1879, by making good the stock to the estate
of Whaley two years and three months before the action below.

It was not denied below that the plaintiff had a cause of action
against the defendant at some stage of this transaction, nor that
the statute began to run when this right accrued. The parties,
however, did not agree as to the time when said right accrued,
and the charge of the judge upon this matter is the single ques-
tion raised in the appeal. His honor charged that the currency
of the statute in a case like this "would not begin until dis-
covery by the city of the defect and invalidity of the assign-
ments of the certificates, or knowledge of facts sufficient to put

the city on inquiry, which, if pursued, would result in the discovery of the condition of things complained of, and which in legal effect would be the same thing as knowledge of the fact itself." And in applying this principle to the case, he said : "If the alleged forgery in this case had been only ascertained after the decision of the case of *Fraser & Dill* v. *The City Council of Charleston,* the statute would not bar the plaintiff's right to recover, because the six years would not have elapsed before the commencement of this action from the time when the decree in that case was pronounced.     But if the discovery was made after six years before the commencement of this action, then the plaintiff's claim would be barred by the statute of limitations, and the verdict should be for the defendant.     If the plaintiff had no notice before the commencement of the action of Fraser & Dill against the City Council of Charleston, the proceedings in that case gave them notice of the defect of these papers, and the right of action at that time accrued against these defendants on behalf of the plaintiffs. And if six years have elapsed from that time to the commencement of this action, the plaintiffs would be barred, and the verdict must be for the defendant."

At the conclusion of the charge a juror asked the following question : "Do we understand you to say that the *filing* of the case of Fraser & Dill was sufficient notice to the city, and that the statute of limitations therefore runs from that date ?"    To which the judge replied : "If the evidence satisfies you that the case of Fraser & Dill was sufficient notice to the council to put them on the inquiry as to whether that was a forged paper or a genuine one, then it was sufficient notice to fix the time at which the statute of limitations should commence to run."    The appellant bases its claim to a reversal of the judgment below upon an alleged error contained in this response ; the appeal therefore raising in the opinion of the appellant but a single question of law, growing out of said response, as appears from the opening remarks in the argument of the learned counsel of the appellant, where they say : "The form in which the verdict was given raises on this appeal a single question of law, and that is whether the instructions of the presiding judge on the question of law presented by the jury were given in a manner approved by the court,

and calculated to inform the jury correctly and distinctly of the matter submitted."

It is true that several other questions were discussed before us by the counsel on both sides; for instance, whether the right of action did not accrue to the plaintiff in February, 1872, when the illegal transfer of the stock was made, and before the plaintiff had sustained damage thereby, or, if not, then in 1872, when the city purchased the stock after the transfer, or in April, 1874, when Fraser & Dill, in the presence of the city treasurer, examined the original certificates and ascertained the facts upon which their action against the city for the restoration of the stock was soon thereafter instituted. But the appeal of the plaintiff does not necessitate a deliverance from this court upon these interesting questions. Upon appellant's own statement it involves only the question mentioned above, and to that we have confined our investigations.

It seems to be conceded on all sides that whether a right of action accrued to the plaintiffs sooner or not, it certainly accrued when the plaintiff discovered the fact of forgery in the order of transfer, or became in possession of facts sufficient to have excited inquiry, and which, if pursued, would have led to this discovery. The judge so charged, and we must say this was as liberal to the plaintiff, and as strongly in its favor, as the authorities upon this subject allowed. In fact, if either party had the right to complain, under our view, strongly supported by the cases relied on by the respondent, it was the respondent, and not the plaintiff. But, as we have said, that question is not properly before us, and we therefore pass no judgment upon it.

Assuming, then, for this case that the law as laid down above by the Circuit Judge was correct, did the response of his honor to the question of the juror modify or change it in any way? or to such extent as to make it legal error, and therefore demanding from this court a reversal of jugdment below? It is complained that the juror asked a definite question, fixing a precise time from which the jury desired to know whether or not the statute would begin to run, to wit, the *filing* of the case of *Fraser & Dill* v. *The City Council of Charleston*, and that the judge, while failing to give a definite response, yet led the jury to

believe from what he did say that the statute would begin to run from that date; and the jury, acting with that understanding, found their verdict for defendant when there was no evidence in the case showing that the city at said date had discovered the forgery, or was in possession of facts sufficient to excite inquiry on that subject.   In other words, that the jury understood the judge to lay down as matter of law for their government, that the *filing* of the case of Fraser & Dill gave currency to the statute.

If the charge of the judge and his response to the juror, taken and construed together, could be properly interpreted as announcing as matter of law the principle complained of, and by which the jury was to find their verdict, then there would be substance in the appeal.   For the judge could not have come to that conclusion without invading the province of the jury as to the facts. Because, before he could have held as matter of law that the *filing* of the case of Fraser & Dill discovered to the city the alleged forgery, or facts sufficient to put the city upon inquiry thereof, it would have been necessary for him to find as matter of fact that said filing was accompanied with sufficient evidence of these facts, which was a question for the jury and not for him, and which if he had passed upon would have been legal error, and therefore fatal to the judgment.   But did the judge so charge?   He certainly did not in his general charge, nor can his response to the question of the juror be fairly so interpreted even when considered independent of, and disconnected from, the general charge.

We cannot say what may have been the understanding of the jury, independent of what ought to have been their understanding, derived from the language used by the judge in the response made, and when that is considered, we do not see how the jury could have come to any other conclusion but that the judge declined to instruct as matter of law that the filing of the Fraser & Dill action in itself would give currency to the statute. He had already charged fully and plainly that the discovery of the fact of the forgery, or of facts sufficient to excite inquiry on the part of the City Council, was necessary, and would alone give this currency as matter of law, and he had left the fact of such discovery to the jury, where it properly belonged; and

when the question of the juror was propounded in accordance with the charge, he replied, not that the *filing* of the Fraser & Dill case is sufficient evidence, thereby taking the question of fact involved in the interrogatory from the jury, but "if the evidence satisfies you that the case of Fraser & Dill was sufficient notice to the Council to put them on the inquiry as to whether that was a forged paper or a genuine one, then it was a sufficient notice to fix the time at which the statute of limitations should commence to run."

This, as it appears to us, clearly left to the jury the question of fact whether or not at the filing of the Fraser & Dill case the city had information sufficient to put them upon the inquiry suggested; and it cannot be denied that there was testimony upon that subject of which the treasurer of the city at least had knowledge even before the filing of said action. Under these circumstances, we cannot say but that the jury was satisfied, as matter of fact, that the evidence brought the case under the principle laid down in the main charge, and about which there is no complaint.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.